### LOCIEWICZ v CUCCARISE

Ohio Appeals, 7th Dist, Mahoning Co

Decided Sept 29, 1933

Knight & Gluck, Youngstown, for plaintiff in error.

Barnum, Hammond, Stephens & Hoyt, Youngstown, for defendant in error.

## OPINION

By POLLOCK, J.

The first error, complained of is in the court's charge. As we have said, there was a conflict in the location where the child started across the street, and the court said:

"Now, in considering that, of course, it would be proper for you to determine and to consider in what location this claimed accident took place. If it took place at a point other than the intersection of the street, you will consider that it is the law that pedestrians are not expected to cross the street at points other than intersections."

Then the court went on at quite a length in stating the rules of law under this proposition which he had given to the jury, and if the proposition is right what he afterwards said would be correct. This charge was given under the provisions of §6310-34 GC:

"Where cross walks or cinder paths parallel the public road or highway, pedestrians shall not walk in, along or upon the vehicular traveled portion of such public road or highway except at crossings and cross walks except in cases where crossings or cross walks are an unreasonable distance apart."

There was a sidewalk on the north side of Federal Street at this place. There is no evidence in the record but that the crossings were reasonably close together, so that the statute itself provides that pedestrians shall not cross except at these crossings, and a person driving an automobile along this street would, as the court charged the jury, not be required to anticipate a person crossing other than at a cross walk. That, as the court said to them, would not excuse a driver in not keeping a look-out or negligently driving his car, if this child crossed at other than an intersection of this street, then the operator of the car would not be required to anticipate, and if it stepped out beyond the parked car so that he could not see the child in time to stop, as the operator testifies, he did not see the child until it was struck, he would not be required to exercise as great care as at a cross walk, so we think there was no error in the charge of the court.

The next error complained of is that the verdict is manifestly against the weight of the evidence. The charge is that the driver was operating his car at a high and dangerous rate of speed, also that he did not sound a warning and did not have his car under such control as he should have at the point

where the accident occurred. He was going home from his place of work, probably two ladies riding in the rear seat of his car, and neither of the occupants of the car saw the child until it was struck. There is evidence that at that time the street was very much occupied by travel, including street cars, and there is a dispute even as to where the child was when it was struck, one witness for the defendant placing the child in the middle of the north street car track, the other witness placing it north of the north rail of the street car track, where the defendant says the accident occurred, and there is the dispute about where it attempted to cross the street. One witness, probably a sister of the child, testified that it crossed the street about the center of this block. So that the jury had all this confusion in the testimony and the jury found in favor of the defendant below and this court feels that it would not be justified under the rule to reverse this case, and the judgment is affirmed. Exceptions noted.

Judgment affirmed.

FARR and ROBERTS, JJ, concur in the judgment.